UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GOLDENSTINE HOLMAN, individually and upon behalf of her minor child, D.R., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:08-cv-254 ) |
| GARY HENSLER, ANTHONY SMITH, and the CITY OF FORT WAYNE, | ) ) ) ) ) |
| Defendants. | ) |

## OPINION and ORDER

### I. INTRODUCTION

Although many of the facts involving this case remain disputed, it seems clear from the Final Pretrial Order (Docket # 27) that D.R., the minor child of Goldenstine Holman, was arrested by Fort Wayne Police Department ("FWPD") officers Hensler and Smith as he was entering his home on April 4, 2008.[1] In fact, it appears undisputed that Smith shot D.R. in the back with a taser weapon (issued by the City of Fort Wayne) while Holman looked on.

That event led Holman to bring this 42 U.S.C. § 1983 lawsuit on behalf of herself and D.R., alleging Fourth Amendment claims of false arrest and excessive force against Hensler and Smith. Those claims will advance to trial.[2]

---

[1] Subject matter jurisdiction arises under 28 U.S.C. §§ 1331 and 1343. Jurisdiction of the undersigned Magistrate Judge is based on 28 U.S.C. § 636(c), all parties consenting.

[2] D. R. also refers to a Fifth Amendment claim, but seems to offer no facts, or even a theory, in support. In any event, that claim will also advance to trial; however, without some evidentiary showing, it will be subject to a ruling under Federal Rule of Civil Procedure 50(a). *See, e.g. Chavez v. Martinez*, 538 US 760 (2003).

This matter is now before the Court on the Defendants' Motion for Partial Summary Judgment (Docket # 32), which followed the entry of the Final Pretrial Order.

The Motion centers on the question of whether the City of Fort Wayne can be held liable under 42 U.S.C. § 1983 because the FWPD ostensibly had an expressed policy allowing the use of a taser weapon "against an individual for verbal noncompliance." (Pls.' Br. in Opp'n. 2.) As the Plaintiffs see it, this policy is what caused D.R.'s constitutional deprivation.

The Motion also seeks summary judgment, however, on whether Holman and D.R. can advance Indiana state law claims of intentional and negligent infliction of emotional distress against Hensler and Smith individually, as recounted in the Final Pretrial Order, when they never filed tort claim notices as required by the Indiana Tort Claim Act ("ITCA"). Ind. Code § 34-13-3-8. Alternatively, Defendants argue that the tort claims are barred as a matter of law under Indiana Code § 34-13-3-3, because as police officers they were merely enforcing a law and thus are immune from suit.[3]

The matter having been fully briefed, the Motion for Partial Summary Judgment will be GRANTED.

## II. FACTUAL BACKGROUND[4]

On April 4, 2008, at approximately 7:30 p.m., Holman was in her home at 3919 Winter Street, Fort Wayne, Indiana, while her minor child, D. R. was taking out the trash at the back of the residence near the alley. At this time, Holman observed through the back window of her

---

[3]Although the Defendants seek summary judgment concerning any negligent infliction of emotional distress, the Plaintiffs' Statement of Genuine Issues (Docket #41) shows that Holman and D.R. have abandoned this claim.

[4] For summary judgment purposes, the facts are recited in the light most favorable to D.R. and Holman, and come from their contentions as recited in the Pretrial Order. *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003).

2

kitchen that D.R. was returning to the side door of the residence and, as he entered into the doorway between the kitchen and the basement stairs, the two defendant police officers, Hensler and Smith, were just a few feet behind. At that moment, Smith shot D.R. in the back with a taser weapon issued by the City of Fort Wayne. Hensler remained outside the house without intervening and did not see Smith until he emerged from the house with D.R. in custody.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quoting Fed R. Civ. P. 56(e)).

### IV. DISCUSSION

A. *<u>The Official Capacity Claim Against the City of Fort Wayne</u>*

D.R. maintains that on April 4, 2008, the City of Fort Wayne had a policy allowing for the application of a taser weapon by police officers against an individual for verbal

3

noncompliance. D.R.'s sole support for this proposition is Smith's deposition testimony that he was told by someone that the "guidelines" or "protocol" for the use of a taser was physical aggression or resistence.[5] (Smith Dep. 12.)

As the Seventh Circuit Court of Appeals recently observed in *Waters v. City of Chicago*, 580 F. 3d 575, 580-81 (7th Cir. 2009), "a municipality may be held liable for a constitutional deprivation under *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)." To establish municipal liability under § 1983, however, a plaintiff must present sufficient evidence to show that the constitutional violation resulted from a municipal policy, custom, or practice. *Waters*, 580 F.3d at 580-81 (citing *Monell*, 436 U.S. at 694). This requirement "'distinguish[es] acts of the municipality from acts of employees of the municipality, and thereby make[s] clear that municipal liability is limited to action for which the municipality is actually responsible.'" *Id.* at 580-81 (quoting *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007) "'Misbehaving employees are responsible for their own conduct; units of local government are responsible only for their policies rather than misconduct by their workers.'" *Id.* at 581 (quoting *Sims*, 506 F.3d at 515 ).

A plaintiff may establish municipal liability by showing "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id*. D.R. eschews the latter two vehicles and maintains that his deprivation was caused by an express policy.

---

[5] The question to Smith in his deposition referred to his use of a taser on October 6, 2007, apparently during a prior incident from the one at issue here. (Smith Dep. 12.) There is no testimony concerning what the policy might have been on April 4, 2008.

4

As *Monell* quite clearly relates, however, a municipality can be sued directly where the "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. D.R., however, points to no evidence that would allow even an inference that the City of Fort Wayne or the FWPD had either adopted or promulgated anything concerning taser use.

At most, D.R. has pointed to what appears to be inadmissible hearsay, (Smith Dep. 12:10-17), that seems to suggest that an unspecified person or entity expressed to him some guidelines or protocol for using the taser. Importantly, no reasonable jury could infer from this brief piece of evidence who that person or entity might be, and critically, whether they are even from the City of Fort Wayne. This official adoption or promulgation requirement is important, "'otherwise [the Court] would risk creating *de facto* respondeat superior liability, which is contrary to *Monell*.'" *Palmquist v Selvik*, 111 F.3d 1332, 1344 (7th Cir. 1997) (quoting *Cornfield By Lewis v. Consol. High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993) (citing *Monell*, 436 U.S. at 693-94)). Indeed, that circumvention of the principles of *Monell* is precisely what could occur here if the Court allowed this claim to go forward to a jury on this flimsy bit of evidence.

And perforce, without some showing of a municipal policy, no reasonable jury could conclude that such a policy caused, or was the "'moving force'" behind the alleged constitutional violation D.R. is complaining about. *Estate of Sims*, 506 F.3d at 514 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). The Seventh Circuit recently emphasized the point by noting, "[i]n § 1983 actions, the Supreme Court has been especially concerned with the broad

application of causation principles in a way that would render municipalities vicariously liable for their officers' actions." *Thomas* v. *Cook County Sheriff's Dept.*, __ F. 3d __, No. 08-2232, 2009 WL 4251079, at *9 (7th Cir. Dec. 1, 2009) (citing *Bd. of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 405 (1997) ("Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee.")).

Because D.R. cannot on this record satisfy the rigorous culpability and causation standards imposed by the United States Supreme Court and the Seventh Circuit, *Thomas*, 2009 WL 4251079, at *9, his claim against the City of Fort Wayne fails as a matter of law and the summary judgment motion must be granted accordingly.

B. *The State Law Claims Against the City of Fort Wayne and Officers Hensler and Smith*

Holman and D.R. also advance state tort claims of intentional infliction of emotional distress against the City of Fort Wayne and Officers Hensler and Smith. In their Motion for Partial Summary Judgment, the Defendants argue that these claims should be dismissed because Holman and D.R. failed to comply with the notice provision of the Indiana Tort Claims Act. (Defs.' Mot. 4.) In the alternative, the Defendants claim that they enjoy immunity from suit under Indiana Code § 34-13-3-3 because as police officers they were merely enforcing a law.

Indiana Code § 34-13-3-8 provides that a claim against a political subdivision is barred unless notice is filed with (1) the governing body of that political subdivision; and (2) the Indiana Political Subdivision Risk Management Commission within 180 days after the loss occurs. *See Brown v. Alexander*, 876 N.E.2d 376, 380-85 (Ind. Ct. App. 2007) (discussing the

ITCA notice requirement at length). The ITCA notice requirement applies equally to suits against political subdivisions and employees of political subdivisions. *Fowler v. Brewer*, 773 N.E.2d 858, 861 (Ind. Ct. App. 2002); *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 452 (Ind. Ct. App. 2000); *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999). However, if a person is incapacitated and cannot give notice, the notice requirement is postponed until 180 days after the incapacity is removed. Ind. Code § 34-13-3-9. The Indiana Supreme Court has found a person's minority to be an incapacity that postpones the notice requirement. *South Bend Community Schools Corp. v. Widawski*, 622 N.E.2d 160, 162 (Ind. 1992) ("We conclude that the status of minority qualifies a person as "incapacitated" and postpones the deadline for the required notice of tort claim . . . until within 180 days after minority ends.").

Although the ITCA notice requirement does not apply to suits brought solely under § 1983, *Irwin Mortg. Corp. v. Marion County Treasurer*, 816 N.E.2d 439, 447 (Ind. Ct. App. 2004), it will apply to pendant state claims made in the same action. *Radjen v. Parrish*, No. 2:08-cv-160, 2009 WL 3060206, at *13 (N.D. Ind. Sept. 21, 2009); *Estate of Connor by Connor v. Ambrose*, 990 F. Supp. 606, 617 (N.D. Ind. 1997); *Meury v. Eagle-Union Cmty. Sch. Corp.*, 714 N.E.2d. 233, 242 (Ind. Ct. App. 1999). Compliance with the notice requirement is a question of law for the court and summary judgment is appropriate when the plaintiff fails to provide notice. *Alexander v. City of South Bend*, 256 F.Supp. 2d. 865, 876 (N.D. Ind. 2003); *Irwin Mortg.*, 816 N.E.2d at 445.

The Plaintiffs admit that no notice was ever submitted on behalf of either Holman or D.R. (Pls.' Br. in Opp'n. 6.) Accordingly, Holman concedes that her claim against the City of Fort Wayne is subject to dismissal outright. With regards to her claim against the officers, however,

Holman advances a disjointed argument that although "the City has taken the position that Defendants Hensler and Smith were acting as police officers within their employment duties with the [FWPD], . . . the use of excessive force raises the issue as to whether or not the Plaintiff's allegations are sufficient to impose individual liability pursuant to [Indiana Code] § 34-13-3-5(b)."[6] (Pls.' Br. in Opp'n. 6.) Holman is apparently arguing that she is exempt from the notice requirement if she alleged that the Defendants were acting outside the scope of their employment. And as she sees it, "[w]hether o[r] not the Amended Complaint meets this pleading standard is, apparently, a question of law for this Court to determine . . .." (Pls.' Br. in Opp'n. 6.)

Even assuming that Holman's claim is an accurate statement of the law, a simple reading of the Amended Complaint dooms her argument. At no point in their Amended Complaint do the Plaintiffs allege that the Defendants were acting "clearly outside the scope of [their] employment." Ind. Code § 34-13-3-5(c)(2). In fact, the Amended Complaint takes the opposite tack, stating that: "At all times . . . Defendant Gary Hensler and Defendant Anthony Smith were performing as Fort Wayne Police Department officers in full uniform using a marked squad car under the directions of the City of Fort Wayne Police Department." (Am. Compl. ¶ 3.)

---

[6] Indiana Code § 34-13-3-5 provides in relevant part that:

(b) A lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally. However, if the governmental entity answers that the employee acted outside the scope of the employee's employment, the plaintiff may amend the complaint and sue the employee personally.
...
(c) A lawsuit filed against an employee personally must allege that an act or omission of the employee that causes a loss is:
...
(2) clearly outside the scope of the employee's employment.

Holman's argument is therefore without merit, and her claim against the officers must also be dismissed for failure to meet the notice requirement.

D.R.'s claims, however, are not subject to dismissal for failure to comply with the ITCA notice requirement. D.R. was a minor at the time of the incident—indeed, he still is. He is therefore legally incapacitated and the ITCA notice deadline is suspended until he is no longer a minor and the incapacity is removed. *See South Bend Community Schools,* 622 N.E.2d at 162. As such, his claims cannot be dismissed solely on the grounds that he did not comply with the ITCA notice provision. As we shall see, however, his tort claims also fail because the Defendants enjoy immunity under Indiana Code § 34-13-3-3.

C. *The Defendants' Claims of Immunity under Indiana Code § 34-13-3-3*

The Defendants also claim that they are entitled to immunity from Holman and D.R.'s state tort claims by operation of the ITCA. Under the ITCA, "[a] governmental entity or an employee acting within the scope of the employee's employment is not liable if a loss results from . . . [t]he . . . enforcement of . . . a law (including rules and regulations), unless the act of enforcement constitutes false arrest or false imprisonment." Ind. Code § 34-13-3-3(8).

At the outset of the immunity analysis, "the Court must first examine whether [the Defendants] were engaged in 'enforcement' of a law while committing the alleged wrongful acts." *Kocon v. Lake County Sheriff's Dept.*, No. 2:06-cv-13, 2007 WL 1959239, at *11 (N.D. Ind. June 29, 2007). The "scope of enforcement" includes "traditional law enforcement activities such as the arrest or pursuit of suspects by the police." *Quakenbush v. Lackey*, 622 N.E.2d 1284, n. 3 (Ind. 1993). More broadly stated, "the scope of 'enforcement' encompasses those activities in which a governmental entity or its employees compel or attempt to compel the

obedience of another to laws, rules or regulations, or sanction or attempt to sanction a violation thereof." *Mullin v. Municipal City of South Bend*, 639 N.E.2d 278, 283 (Ind. 1994) (citing *Quakenbush*, 622 N.E.2d at 1287). The Court must also consider whether the conduct occurred "within the scope of the employee's employment." Ind. Code § 34-13-3-3; *Kocon*, 2007 WL 1959239, at *11.

The conduct giving rise to D.R.'s claim of intentional infliction of emotional distress—the application of the taser to effectuate an arrest—was certainly within the scope of enforcement of a law. *See O'Bannon v. City of Anderson*, 733 N.E.2d 1, 3 (Ind. Ct. App. 2000) (officers arresting fleeing suspect "were clearly seeking to enforce a law"). It is part of the job of FWPD officers to enforce the law, and, if necessary, arrest individuals in the performance of these duties. Here, D.R. was arrested for possession of a handgun without a license and physically resisting law enforcement, offenses for which he was ultimately adjudged guilty in juvenile court.

As previously noted, Holman and D.R. quite plainly admit that Hensler and Smith were acting as FWPD officers at the time of the incident. *See* Am. Compl. ¶ 3. Consistent with this admission, the Court also finds that the officers were acting within the scope of their employment. Indeed, they were in full police uniform and traveling in an FWPD squad car on their assigned patrol route when the incident occurred.

D.R. nevertheless sees something in the language of Indiana Code § 34-13-3-3(8) that, in his view, actually disallows immunity if the act of enforcement constitutes false arrest or false imprisonment. (Pls.' Br. in Opp'n. 7.) From this phrase he fashions the argument that immunity cannot be invoked if excessive force is used in effectuating an arrest. (Pls.' Br. in Opp'n. 7.)

10

D.R.'s argument seeks to add an unwarranted gloss, however, to a statute that on its face grants immunity exceptions only for claims of false arrest or false imprisonment. *Jordan v. City of Indianapolis*, No. IP 01-1391-C, 2002 WL 32067277, at *11 (S.D. Ind. 2002). D.R.'s state law claim, however, is for intentional infliction of emotional distress—an independent tort, *See Conwell v. Beatty*, 667 N.E.2d 768, 777 (Ind. Ct. App. 1996) (recognizing that intentional infliction of emotional distress is independent and does not require a host tort)—and courts have consistently found that claims of intentional infliction of emotional distress are subject to the ITCA's blanket grant of immunity. *Radjen*, 2009 WL 3060206, at *14 (finding immunity on claim of intentional infliction of emotional distress); *Kocon*, 2007 WL 1959239, at *11 ("the Court does not read the ITCA to include exemptions from its law enforcement immunity coverage for claims of . . . intentional infliction of emotional distress"); *Jordan*, 2002 WL 32067277, at *11 (Indiana grants immunity for negligent and intentional torts committed while effecting an arrest); *City of Anderson v. Weatherford*, 714 N.E.2d 181, 186 (Ind. Ct. App. 1999) (ITCA bars recovery on claims of negligent and intentional infliction of emotional distress). Accordingly, consistent with the case law, the Defendants enjoy immunity from D.R.'s claim of intentional infliction of emotional distress.

## V. CONCLUSION

The Motion for Partial Summary Judgment (Docket # 32) filed by the Defendants is GRANTED, and the Plaintiffs shall take nothing from the Defendants, Hensler or Smith, on the state law claims of intentional and negligent infliction of emotional distress and shall take nothing from the City of Fort Wayne on the claim brought under 42 U.S.C. § 1983. D.R.'s excessive force, false arrest, and Self-Incrimination Clause claims against Hensler and Smith in

11

their individual capacities remain for trial.

       SO ORDERED.

       Entered this 14th day of December, 2009.

                                              /S/ Roger B. Cosbey
                                              Roger B. Cosbey,
                                              United States Magistrate Judge