UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GOLDENSTINE HOLMAN, on behalf of her minor child, D.R., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:08-CV-254 ) |
| GARY HENSLER and ANTHONY SMITH, | ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

On April 4, 2008, D.R., the minor child of Goldenstine Holman, was shot in the back with a taser weapon by Defendant Fort Wayne Police Officer Anthony Smith just as D.R. was entering his mother's home. Holman brings this suit under 42 U.S.C. § 1983 against Smith and Fort Wayne Police Officer Gary Hensler, alleging that they violated D.R.'s constitutional right to be free from false arrest, self-incrimination, and the use of excessive force.[1] (Docket # 13, 46.) Before the Court are two fully-briefed motions *in limine*, one filed by Defendants (Docket # 28) and the other by Holman (Docket # 30).

Having considered the parties' respective filings, Defendants' motion *in limine* will be GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART and Holman's motion *in limine* will be GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART.

---

[1] There is also pending Holman's Motion to Withdraw the false arrest and Fifth Amendment claims. That Motion is set for a hearing on January 12, 2010 at 1:00 p.m.

### A. Nature of an Order In Limine

"Motions in limine are well-established devices that streamline trials and settle evidentiary disputes in advance, so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002); *see Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) ("A motion in limine is a request for guidance by the court regarding an evidentiary question." (citation omitted)). A court's ruling on a motion *in limine*, however, is only preliminary in nature. *McKinney v. Duplain*, No. 1:04-cv-294-RLY-TAB, 2008 WL 4368857, at *1 n.1 (S.D. Ind. Jan. 10, 2008).

That is, a ruling *in limine* is "'subject to change when the case unfolds,' particularly if the actual testimony differs from what was proffered." *Mason v. City of Chicago*, 631 F. Supp. 2d 1052, 1055 (N.D. Ill. 2009) (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)); *see Wilson*, 182 F.3d at 570 (emphasizing that an order either granting or denying a motion *in limine* is "merely speculative in effect, completely dependent upon what happens at trial"). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Mason*, 631 F. Supp. 2d at 1055 (quoting *Luce*, 469 U.S. at 41-42). Judges have broad discretion when ruling on motions *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

### B. Defendants' Motion In Limine

1. Unopposed Portions of the Defendants' Motion *in Limine*

Holman does not raise any objection to paragraphs 2, 3, 4, and 13 of Defendants' motion *in limine*, concerning: (a) other incidents where Officer Smith discharged his taser; (b) settlement negotiations; (c) whether the City of Fort Wayne will likely be paying for any judgment against

Defendants; and (d) any testimony from Quinton Ellis. Consequently, Defendants' motion will be GRANTED as to these matters.

2. Citizen Complaints, Other Criminal or Civil Actions, or Discipline Against Defendant Officers

Defendants seek to exclude evidence of unrelated criminal and civil actions, citizen complaints, or discipline taken against Defendants during their tenure as law enforcement officers. In response, Holman contends that any criminal or civil actions or discipline that were administered to Defendants with respect to this incident are admissible under Federal Rule of Evidence 404(b). Defendants in reply emphasize that Holman has not provided them with a copy of any criminal or civil actions or discipline reports relating to this incident "because there are none" (Reply Br. 1.) Accordingly, at least until a foundation is laid, Holman will not be permitted to use any such purported exhibits at trial and the motion is therefore GRANTED. *See generally United States v. Barker*, 27 F.3d 1287, 1292 (7th Cir. 1994) (stating that "proper foundations must be laid to introduce physical exhibits such as business records, public documents, and photographs").

3. Testimony from Shaquille Kelley or the "Father of Minor Child [D.R.]"

Defendants next seek to preclude any testimony from Shaquille Kelley or the "father of minor child [D.R.]" pursuant to Federal Rule of Civil Procedure 37(c)(1) because Holman failed to disclose Kelley's address or telephone number, and D.R.'s father's name, address, or telephone number in accordance with Federal Rule of Civil Procedure 26(a)(1) and (a)(3). Holman argues in response that Kelley and "the father of minor child, D.R." were adequately identified in the Rule 26(a)(3) pretrial disclosures, her interrogatory responses, and in the Pre-Trial Order.

3

Federal Rule of Civil Procedure 26(a)(1) provides that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information - - along with the subjects of that information - - that the disclosing party may use to support its claims or defenses . . . ." Additionally, if a party fails in that duty, it cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

In order that the Court may adequately examine this issue, the parties are DIRECTED to file their Rule 26(a)(1) disclosures on the record forthwith. The Court takes the Defendants' motion with respect to this issue UNDER ADVISEMENT.

4. <u>Testimony Regarding Holman's Alleged "Pain and Suffering" or Mental or Emotional Distress</u>

Defendants next seek to preclude any testimony about Holman's alleged "pain and suffering" or mental or emotional distress. Because the Court dismissed any claims Holman advanced on her own behalf in its Opinion and Order dated December 14, 2009 (Docket # 46), Defendants' motion *in limine* concerning this evidence will be GRANTED AS MOOT.

5. <u>Lay Witness Testimony Regarding D.R.'s Alleged Physical Injuries and Their Causation</u>

Defendants also seek to preclude any lay testimony by D.R., Holman, or their witnesses that D.R. suffered unconsciousness, ambulatory paralysis, contusions, bruises, neck or back problems, or an elevated heart rate; or that these alleged physical injuries were caused by his being tased on April 4, 2008. In response, Holman seemingly concedes that she cannot testify concerning medical causation,[2] but asserts that she can testify to facts that she saw or heard,

---

[2] As to causation, "[n]o expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations." *Hendrickson v. Cooper*, __ F.3d __, 2009 WL 4894243, at *4 (7th Cir. Dec. 21, 2009) (stating in an excessive force case that expert testimony was not necessary to show

4

including that her son appeared to be in pain at the hospital and at home, that he had visible metal barbs sticking out of his body from the taser weapon, and that healthcare providers were called on his behalf to render care.

Federal Rule of Evidence 701 permits lay opinion testimony if the opinion is "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." *See also Bank of China, New York Branch v. NBM, LLC*, 359 F.3d 171, 181 (7th Cir. 2004). Thus, under Rule 701, "a lay person may offer opinion testimony providing the witness testifies to what he or she has perceived firsthand." *Sachs v. Reef Aquaria Design, Inc.*, No. 06 C 1119, 2007 WL 3223336, at *13 (N.D. Ill. Oct. 25, 2007); *Harms v. Lab. Corp. of Am.*, 155 F. Supp. 2d 891, 904 (N.D. Ill. 2001).

Consequently, Holman and D.R. each will be permitted to offer lay opinion testimony to the extent he or she testifies "to that which he [or she] perceived firsthand" concerning the events on April 4, 2008. *Sachs*, 2007 WL 3223336, at *13. That is, D.R. may recount how he personally felt, physically and mentally—testimony that is rationally based on his own perception. Fed. R. Evid. 701; *see Asplundh Mfg. Div., a Div. of Asplundh Tree Expert Co. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1196-98 (3d. Cir. 1995) (recognizing lay testimony

---

causation where "the cause of [the plaintiff's] pain was perfectly clear: [the defendant] beat him"). However, if the case presents a "more complicated question of medical causation", then the Court may require the plaintiff "to support [her] theory of causation with some objective medical evidence." *Id*. Arguably, the use and effect of tasing is not likely within the realm of most jurors' common experiences or observations. *See generally Wilson v. Taser Int'l, Inc.*, 303 Fed. Appx. 708, 715 (11th Cir. Dec. 16, 2008) (unpublished) (finding medical expert testimony "essential" to establishing that a shock by a taser can and did cause a spinal compression fracture since it "is not a natural inference that a juror could make through human experience"); *Martin v. Phillips*, No. 05-881-GPM, 2007 WL 4800657, at *2 (S.D. Ill. Nov. 5, 2007) (stating that expert testimony would help an average juror understand when it is proper for a police officer to use a taser).

concerning health as "quintessential Rule 701 opinion testimony"); *Holleman v. Duckworth*, 700 F.2d 391, 395 (7th Cir. 1983) (permitting plaintiff's testimony about his own medical symptoms).

Therefore, Defendants' motion with respect to this evidence is GRANTED IN PART and DENIED IN PART. Consequently, D.R. may testify about how he personally felt and Holman may testify about her firsthand perceptions, but neither will be permitted to testify about medical causation.

6. The "Defendants' Websites" and "Four Newspaper Articles"

Defendants next assert that "Defendants' websites" and "four newspaper articles", which Holman lists as exhibits, should be excluded. Defendants explain that Holman never properly disclosed this evidence pursuant to Federal Rule of Civil Procedure 26(e), and thus Defendants have not seen it and are not sure what Holman is referring to. They also challenge the relevance of this evidence and contend that it constitutes inadmissable hearsay. In response, Holman states that the evidence is relevant in that it could "establish knowledge of the acts of Defendants". (Resp. Br. 2.)

The websites and newspaper articles appear to constitute hearsay, and Holman does not argue that a hearsay exception applies. *See Cody v. Harris,* 409 F.3d 853, 860 (7th Cir. 2005) (finding a newspaper article to be inadmissible hearsay); *Chicago Firefighters Local 2 v. City of Chicago*, 249 F.3d 649, 654 (7th Cir. 2001) (same); *United States v. Jackson*, 208 F.3d 633, 637 (7th Cir. 2000) (concluding that websites were hearsay because postings were not statements made by declarants testifying at trial and were being offered to prove the truth of the matter asserted). Furthermore, Holman has not properly disclosed this evidence to Defendants or

6

offered any type of foundation for its admissibility.

Consequently, Defendants' motion *in limine* will be GRANTED until the websites and newspaper articles are disclosed and the Court can review their relevance in the context of the trial.

7. "Summary of Damages"

Defendants also assert that Holman's "summary of damages", which she lists as an exhibit, should be excluded. They explain that, like the websites and newspaper articles, Holman never properly disclosed this evidence pursuant to Federal Rule of Civil Procedure 26(e), and thus Defendants have not seen it and are not sure what Holman is referring to. Holman vaguely responds that "[a]t this point there is no summary of damages in any written form which will be presented orally." (Resp. Br. 3.) It does not appear that the so-called "summary" is designed to comply with Federal Rule of Evidence 1006.

Since Holman has not properly disclosed this evidence to Defendants or laid any type of foundation for its admissibility, Defendants' motion will be GRANTED with respect to this evidence until some foundation is laid for its admission or the Court has at least had an opportunity to review the purported exhibit.          .

8. Allen County Sheriff's Department Taser Manual and Use Policy

Defendants next seek to exclude the Allen County Sheriff's Department's taser manual and use policy, arguing that it is not relevant to a claim against Fort Wayne police officers and is likely to confuse the jury, particularly since the Allen County Sheriff's Department was not involved. In response, Holman vaguely contends that the taser manual and use policy is relevant to show "a standard of conduct" for the use of a taser weapon. (Resp. Br. 3.)

Indeed, a taser manual and use policy from a source other than the Fort Wayne Police Department does not appear particularly relevant and, furthermore, admitting this evidence as an ill-defined "standard of conduct" is likely to mislead and confuse the jury. *See* Fed. R. Evid. 403. Accordingly, the risk of prejudice to Defendants significantly outweighs the manual's limited probative value. *See* Fed. R. Evid. 403. As a result, Defendants' motion will be GRANTED, at least until Holman can establish some relevance for this evidence.

9. CD Containing Video of the Scene

Finally, Defendants seek to exclude a CD containing a video "of the scene", arguing that it is not relevant because Officer Smith did not see the areas depicted in the video prior to discharging his taser on April 4, 2008. Holman merely asserts in response that the video "accurately depicts the scene." (Resp. Br. 3.)

The ultimate task of the jury in this case with respect to Holman's excessive force claim is to determine whether Officer Smith's use of the taser was "objectively reasonable in light of the facts and circumstances confronting [him]." *Middleton v. Farthering*, No. 1:06-CV-52-TS, 2007 WL 1035077, at *7 (N.D. Ind. Mar. 29, 2007) (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)). The objective reasonableness of Officer Smith's actions is determined from the "totality of the circumstances" viewed from "the perspective of a reasonable officer on the scene". *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003) (citations omitted). The "totality of the circumstances" includes only the information known to the officer at the time he decided to use force. *Sherrod v. Berry*, 856 F.2d 802, 804-05 (7th Cir. 1988).

Therefore, even if the video "accurately depicts the scene", those areas (presumably, the inside of Holman's home) were not seen by Officer Smith prior to discharging his taser, making

8

the visual depiction largely, if not wholey, irrelevant. Furthermore, submitting a video of the inside of the home invites unwarranted jury speculation and simply wastes time. *See* Fed. R. Evid. 403. Consequently, Defendants' motion will be GRANTED until the Court reviews the video, if necessary, within the context of the trial and outside the presence of the jury.

*C. Holman's Motion in Limine*

1. Unopposed Portions of Holman's Motion *in Limine*

Defendants did not raise any objection to paragraphs 3-8 of Holman's motion *in limine*, concerning: (a) evidence of other persons originally parties in this case; (b) evidence of pending juvenile actions against D.R.; (c) evidence of other civil litigation or bankruptcies; (d) settlement negotiations; (e) attorney's fees; and (f) any paternity actions concerning D.R. and his natural father. Consequently, Holman's motion will be GRANTED as to these matters.

2. All Evidence Related to Holman's Past Arrests or Convictions

Holman seeks to prevent the admission of her past arrests and felony or misdemeanor convictions, arguing that they are unduly prejudicial and inadmissible under Federal Rules of Evidence 404(b), 608, and 609. (Pl.'s Mot. 1.) Defendants counter that Holman's past convictions are admissible for impeachment under Rule 609(a). (Defs.' Resp. 1-2.) At this point, Holman's motion will be GRANTED until such time as Defendants show that any of her past convictions are admissible under Rule 609(a).

3. All Evidence Related to D.R.'s Past Arrests or Juvenile Adjudications

Holman next moves to preclude any evidence of D.R.'s past arrests or juvenile adjudications, arguing that they are unduly prejudicial and inadmissible under Federal Rules of

Evidence 404(b), 608, and 609(d). (Pl.'s Mot. 1-2.) Defendants concede that juvenile adjudications are generally not admissible for impeachment under Rule 609(d). Nevertheless, the Court will take this matter UNDER ADVISEMENT pending the Court's ruling on Holman's Motion to Withdraw Claims.

4. All Pleadings and Filings Related to D.R.'s Past Juvenile Adjudications

Holman also seeks to exclude anything related to any of D.R.'s past juvenile adjudications, whether arising from the present incident or not. This part of Holman's motion is also TAKEN UNDER ADVISEMENT pending the Court's ruling on her Motion to Withdraw Claims.

5. D.R.'s Medical Records

Holman also makes a cursory one-sentence request to exclude "[a]ll . . . medical records produced by a non-party request of Defendants in violation of the discovery deadline imposed by the Court." (Pl.'s Mot. 3.) Notably, of course, Holman does not claim that D.R.'s medical records are irrelevant, but merely maintains that they should be excluded because the Defendants obtained them through a non-party request after the discovery deadline.

Holman's motion must be DENIED. First, Holman's argument is cursory, undeveloped, and devoid of any legal support. *See e.g.*, *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005); *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 964 n.1 (7th Cir. 2004); *Boomer v. AT & T Corp.*, 309 F.3d 404, 422 n.10 (7th Cir. 2002). Moreover, by claiming that he suffered physical injuries as a result of the incident, D.R. has put his medical condition at issue and any records pertaining to it are clearly relevant and admissible. *See* Fed. R. Evid. 402; *Fitzpatrick,* 259 F.R.D. at 365; *Kies v. City of Aurora*, 156 F. Supp. 2d 970, 977 (N.D. Ill. 2001).

10

Finally, Holman has offered no factual support for the allegation that the records were obtained in violation of the discovery deadline. Indeed, in their response the Defendants offer a lengthy and unchallenged factual recitation suggesting that the delay in obtaining D.R.'s medical records was actually Holman's fault. (Defs.' Resp. 8-10.) Accordingly, Holman's motion is DENIED.

6. <u>Any Evidence Related to D.R.'s Actions After He Was Tased and Before He Was "Sat Up" By Officer Smith</u>

Finally, Holman moves to exclude any evidence related to D.R.'s actions after he was tased and before Officer Smith "sat him up." She argues that this evidence is unduly prejudicial and is not admissible for any purpose under Federal Rules of Evidence 401 - 404. (Pl.'s Br. 3.) Defendants respond that this evidence goes to Officer Smith's probable cause determination and is therefore relevant to D.R.'s false arrest claim. (Defs.' Resp. 10-11.) They argue that any evidence that D.R. crawled into a different room after being tased and that after sitting him up, Officer Smith supposedly found a handgun that was warm to the touch, demonstrates a further basis for probable cause to arrest D.R. (Defs.' Resp. 10-11.) Defendants also claim that this evidence is relevant to the issue of damages, since Holman is claiming that D.R. was unconscious after he was tased. (Defs.' Resp. 11.) Holman's motion is TAKEN UNDER ADVISEMENT pending the Court's ruling on the Motion to Withdraw Claims.

*D. Conclusion*

In accordance with the terms set forth in this Opinion and Order, Defendants' motion *in limine* (Docket # 29) is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT IN PART, and Plaintiff's motion *in limine* (Docket # 30) is GRANTED IN PART, DENIED IN PART, and TAKEN UNDER ADVISEMENT in part.

11

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for January 7, 2010.

S/Roger B. Cosbey  
Roger B. Cosbey,  
United States Magistrate Judge