UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| GOLDENSTINE HOLMAN, | ) | |
| on behalf of her minor child, D.R., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO. 1:08-CV-254 |
| | ) | |
| GARY HENSLER and | ) | |
| ANTHONY SMITH, | ) | |
| | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

On January 12, 2010, a hearing was held and concluded on the Plaintiff's Motion to Withdraw Claims (Docket #47), which the Court deems a Motion to Dismiss D.R.'s Fifth Amendment and false arrest claims. Argument between counsel centered on whether the dismissal of the claims would be with or without prejudice. Defense counsel objected that since D.R. is currently a minor, with the statute of limitations thus tolled, D.R. could resurrect these claims again once he reached the age of majority unless they are dismissed with prejudice now.

Federal Rule of Civil Procedure 41(a)(2) states that, after a motion for summary judgment, an action may not be dismissed at the plaintiff's request except by court order, and on terms that the court considers proper. "Whether to grant a motion for voluntary dismissal is within the discretion of the trial court . . .", *H.H. v. Ind. Bd. of Special Educ. Appeals*, No. 3:06-CV-551-TS, 2008 WL 1776406, at *3 (N.D. Ind. Apr. 11, 2008), and the Court has authority to determine whether the voluntary dismissal will be with or without prejudice. *See, e.g. Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir.1971).

Given that this case has been pending since October of 2008, the Defendant has already

expended significant resources in defending against the Fifth Amendment and false arrest claims, and since trial is less than two weeks away, the Court finds that the two claims should be dismissed with prejudice. *See Shady Records, Inc. v. Source Enterprises, Inc.*, 371 F.Supp. 2d 394, 396 (S.D.N.Y. 2005) (dismissal with prejudice proper after summary judgment motions adjudicated and trial two weeks away). This holding is reinforced by Plaintiff's counsel's indication that he did not plan on presenting any evidence of the Fifth Amendment and false arrest claims during trial, meaning that these claims would soon be subject to dismissal with prejudice in any event under Federal Rule of Civil Procedure 50(a).

Accordingly, the Plaintiff's motion (Docket #47) is GRANTED and the Fifth Amendment and false arrest claims are DISMISSED WITH PREJUDICE. The only matter left for trial is Plaintiff's excessive force claim.

SO ORDERED.

Enter for January 12, 2010.

S/Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge