UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| GOLDENSTINE HOLMAN, ) | |
| on behalf of her minor child, D.R., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:08-CV-254 |
| ) | |
| GARY HENSLER and ) | |
| ANTHONY SMITH, ) | |
| ) | |
| Defendants. ) | |

## SUPPLEMENTAL OPINION AND ORDER

On January 7, 2010, this Court issued an Opinion and Order granting in part, denying in part, and taking under advisement in part both the Plaintiff's and the Defendants' motions *in limine*. (Docket # 49.) The record now having been completed with the filing of Plaintiff's Rule 26(a)(1) disclosures and the dismissal with prejudice of Plaintiff's Fifth Amendment and false arrest claims, the Court will proceed to rule on those motions *in limine* previously taken under advisement.

### *A. Defendants' Motion In Limine*

1. Testimony from Shaquille Kelley or the "Father of Minor Child [D.R.]"

Defendants seek to preclude any testimony from Shaquille Kelley or the "father of minor child [D.R.]" pursuant to Federal Rule of Civil Procedure 37(c)(1) because Holman failed to disclose Kelley's address or telephone number, and D.R.'s father's name, address, or telephone number in accordance with Federal Rule of Civil Procedure 26(a)(1) and (a)(3). Holman argues in response that Kelley and "the father of minor child, D.R." were adequately identified in the Rule 26(a)(3) pretrial disclosures, her interrogatory responses, and in the Pre-Trial Order.

Federal Rule of Civil Procedure 26(a)(1) provides that a party must disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses . . .." Additionally, if a party fails in that duty, it cannot "use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Neither Shaquille Kelly nor the "father of minor child [D.R.]" appear in the Plaintiff's Rule 26(a)(1) Disclosures. The Plaintiff has failed to show under Rule 37(c)(1) that this failure to disclose the two possible witnesses was substantially justified or harmless. Given that this case is less than two weeks from trial, there is a significant likelihood that the Defendants would be prejudiced by this unexpected evidence. Accordingly, the testimony of Shaquille Kelly and the "father of minor child [D.R.]" will be excluded under Rule 37(c)(1).

Furthermore, the Plaintiff has not demonstrated the relevancy, if any, of this evidence. With the false arrest and Fifth Amendment claims dismissed, only the excessive force claim remains for trial. Neither man, however, was at the scene and what they may know about the case has never been revealed. Fed. R. Evid. 401. Furthermore, the Plaintiff has indicated that any claim for emotional distress is limited to that which occurred during the incident itself, so any testimony from these two witnesses about that topic would also seem to be irrelevant and inadmissible. Fed. R. Evid. 402.

In sum, because the Plaintiff failed to include Shaquille Kelly and the "father of minor child [D.R.]" in her Rule 26(a)(1) Disclosures and it is not clear how, if at all, testimony from either witness would be relevant to D.R.'s remaining excessive force claim, the Defendants'

motion will be GRANTED and these witnesses will be excluded.

### B. Holman's Motion in Limine

1. <u>All Evidence Related to D.R.'s Past Arrests or Juvenile Adjudications</u>

Holman moves to preclude any evidence of D.R.'s past arrests or juvenile adjudications, arguing that they are unduly prejudicial and inadmissible under Federal Rules of Evidence 404(b), 608, and 609(d). (Pl.'s Mot. 1-2.)

Following the dismissal of Plaintiff's Fifth Amendment and false arrest claims, only the excessive force claim remains for trial. The sole issue is therefore "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them . . .." *Graham v. Connor*, 490 U.S. 386, 396-97 (1989). The Defendants certainly cannot claim that at the time the officers decided to apply force, they somehow knew that D.R. would later be adjudged a juvenile delinquent. Consequently, D.R.'s later adjudication is not relevant to the officers' initial determination to apply force, and the juvenile adjudication will be excluded on this basis. Fed. R. Evid. 402; *Ochana v. Flores*, 347 F.3d 266, 272 (7th Cir. 2003) ("It was not an abuse of discretion for the court to grant the officers' motion in limine to bar . . . the disposition of the underlying criminal charges, because these were not facts within the officers' knowledge at the time of the arrest . . ..").

Even if the adjudications were in some way relevant, their admission would likely result in unfair prejudice to D.R. and mislead the jury away from the central question of whether, in light of the facts known to them, the officers' use of force was objectively reasonable. Fed. R. Evid. 403. For these two reasons, Holman's motion is therefore GRANTED and evidence related to the juvenile adjudication stemming from this incident will not be admitted.

3

2. All Pleadings and Filings Related to D.R.'s Past Juvenile Adjudications

Holman also seeks to exclude anything related to any of D.R.'s past juvenile adjudications, whether arising from the present incident or not. This part of Holman's motion is also GRANTED. The Defendants have never claimed that they were aware of D.R.'s previous juvenile adjudications at the time of the incident. Consequently, these past juvenile adjudications could not have influenced the officers' decision to use force and they are irrelevant to the question of whether their actions were objectively reasonable. Fed. R. Evid. 401. Furthermore, this evidence would severely prejudice D.R. and distract the jury from the ultimate question of the reasonableness of the officers' actions in light of the facts known to them. Fed. R. Evid. 403; *Graham*, 490 U.S. at 396-97.

3. Any Evidence Related to D.R.'s Actions After He Was Tased and Before He Was "Sat Up" By Officer Smith

Finally, Holman moves to exclude any evidence related to D.R.'s actions after he was tased and before Officer Smith "sat him up." She argues that this evidence is unduly prejudicial and is not admissible for any purpose under Federal Rules of Evidence 401 - 404. (Pl.'s Br. 3.)

Holman's motion will be GRANTED to the extent it seeks to exclude the purported possession of a handgun by D.R. The officers concede that they did not know D.R. had a gun at the time they chose to apply force. The fact that they later found a gun is therefore not relevant to the excessive force claim. Fed. R. Evid. 401. Furthermore, the probative value of this evidence would almost certainly be outweighed by the danger of prejudice and confusion of the issues that would result were it admitted. Fed. R. Evid. 403.

However, the Court anticipates that both sides will be allowed to testify about their conflicting versions of D.R.'s actions after the use of force. The Defendants have previously

4

testified that D.R. was attempting to crawl into an adjoining room after the tasing, while D.R. claims he was unconscious. Evidence about D.R.'s actions following the use of force is therefore relevant to the nature and extent of his damages and, perhaps, his ability to observe, recall, and testify about the events that followed the taser charge. Fed. R. Evid. 402.

Finally, the Court anticipates that D.R. will be permitted to testify that he was initially treated by paramedics and then taken to the hospital, as this evidence is similarly relevant to the question of damages. Fed. R. Evid. 402.

### *D. Conclusion*

In accordance with the terms set forth in this Supplemental Opinion and Order, the sections of Defendants' (Docket # 29) and Plaintiff's (Docket # 30) motions *in limine* previously taken under advisement are GRANTED.

It is therefore ORDERED that counsel, those acting on behalf of the parties, and any witnesses shall not refer to the matters excluded pursuant to this Opinion and Order, either directly or indirectly, during voir dire, opening statements, interrogation of witnesses, objection, arguments, closing statements, or otherwise, without first obtaining permission of the Court outside the presence or hearing of the jury. Counsel are further ORDERED to warn and caution each and every one of their witnesses to strictly follow these instructions.

SO ORDERED.

Enter for January 13, 2010.

    S/Roger B. Cosbey  
    Roger B. Cosbey,  
    United States Magistrate Judge